Nicholas J. Henderson, OSB#074027
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Of Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>COLONIAL OAKS MOBILE HOME PARK, LLC,<br><br>Debtor. | Case No. 18-33183-tmb11<br><br>**DEBTOR'S PLAN OF LIQUIDATION**<br><br>Dated February 15, 2019 |

# ARTICLE I
# SUMMARY

This Plan of Liquidation (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Colonial Oaks (the "Debtor") from the sale of substantially all of the Debtor's assets.

This Plan provides for **7** classes of secured claims; **1** class of unsecured claims; and **1** class of equity security holders. Unsecured creditors will receive distributions of all amounts remaining after payment of secured and administrative claims. The amount paid to unsecured creditors will depend upon the amount of funds remaining after secured creditors are paid from the sale of the Debtor's real property. Debtor estimates that unsecured creditors may be paid as much as $10,000, which the Debtor believes will amount to approximately **10** cents on the dollar for creditors receiving payment from such

Page 1 of 12   DEBTOR'S PLAN OF LIQUIDATION
{00242560:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-33183-tmb11    Doc 94    Filed 02/15/19

funds. Equity security holders will not retain their interests, and the Debtor will be dissolved after performance of this Plan. This Plan also provides for the payment of administrative claims. All distributions will be paid from proceeds of the sale of substantially all of the Debtor's assets.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

## ARTICLE II
## DISCLOSURE STATEMENT

Debtor has filed a Disclosure Statement which Debtor contends satisfies the requirements of §§ 1125 and 1126 of the Bankruptcy Code, and Bankruptcy Rule 3016(c). Prior to mailing the Plan to Creditors for voting, the Court will have considered and approved the Disclosure Statement. The Disclosure Statement provides useful information to assist Creditors in voting on the Plan. A copy of the Disclosure Statement accompanies the Plan and should be considered in conjunction with the Plan.

## ARTICLE III
## CLASSIFICATION OF CLAIMS AND INTERESTS

The categories of claims and equity interests listed below classify claims and equity interests for all purposes, including voting, confirmation, and distribution (if any) pursuant to the Plan and pursuant to Sections 1122 and 1123(a)(1) of the Bankruptcy Code. A claim or equity interest shall be deemed classified in a particular class only to the extent that the claim or equity interest qualifies within the description of that class and shall be deemed classified in a different class to the extent that any remainder of such claim or equity Interest qualifies within the description of such different class. A

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

claim or equity interest is in a particular class only to the extent that such claim or equity interest is allowed in that class and has not been paid or otherwise settled prior to the Effective Date.

Claims and interests of the Debtor shall be classified as follows:

**3.1** **Secured Creditors**

**3.1.1** <u>Class 1</u>: **Polk County Tax Collector (Property Taxes).** Class 1 consists of the allowed secured claim of Polk County Tax Collector, for unpaid real property taxes assessed upon the Debtor's real property located within Polk County, Oregon, having an unpaid balance of approximately $57,675.91.

**3.1.2** <u>Class 2</u>: **City of Independence.** Class 3 consistens of the disputed secured claim of the City of Indepdence for unpaid water charges totaling $10,436.65.

**3.1.3** <u>Class 3</u>: **AMR Investment Group, LLC.** Class 3 consists of the disputed secured claim of AMR Investment Group, LLC, in the amount of $774,584.07. The Class 3 claim is evidenced by the following documents: a) a Commercial Promissory Note dated July 26, 2011, for account ending in 0712; and 2) a Commercial Real Estate Deed of Trust recorded on August 2, 2011, in the records of Polk County, Oregon, as instrument number 2011-007045.

**3.1.4** <u>Class 4</u>: **OBB Partners, LLC.** Class 4 consists of the disputed secured claim of OBB Partners, LLC, filed in the amount of $482,905.89. The Class 4 claim is evidenced by the following documents: a) a promissory note dated February 14, 2008, as amended; b) a deed of trust recorded on February 14, 2008, in the records of Polk County, Oregon, as instrument number 2008-001866; and c) an Amendment to Deed of Trust and Assignment of Rents and Leases and Fixture Filing dated August 2, 2011, and recorded on August 4, 2011, in the records of Polk County, Oregon, as instrument number 2011-007103.

Page 3 of 12     DEBTOR'S PLAN OF LIQUIDATION
{00242560:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-33183-tmb11    Doc 94    Filed 02/15/19

**3.1.5 Class 5: Irwin Leitgeb.** Class 5 consists of the disputed secured claim of Irwin Leitgeb, in the amount of $939,564.39. The Class 5 claim is evidenced by the following documents: a) a deed of trust recorded on December 4, 2006, in the records of Polk County, Oregon, as instrument number 2006-019817.

**3.1.6 Class 6: Kenneth W. Hick.** Class 6 consists of the disputed secured claim of Kenneth W. Hick, in the amount of $149,000. The Class 5 claim is evidenced by the following documents: a) a deed of trust recorded on February 6, 2012, in the records of Polk County, Oregon, as instrument number 2012-001046.

**3.2.7 Class 7: Tenant Security Deposits.** Class 7 consists of unsecured claims of tenants for security deposits paid to the Debtor.

**3.2  Unsecured Creditors**

**3.2.1 Class 8: General Unsecured Creditors.** Class 8 consists of all creditors holding allowed general non-priority unsecured claims.

**3.3  Interests**

**3.3.1 Class 9: Interests of the Debtor.** Class 9 consists of the Debtor's interests in property of the estae.

### ARTICLE IV
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

**4.1  Unclassified Claims.** Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

**4.2  Administrative Expense Claims.** Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in

Page 4 of 12    DEBTOR'S PLAN OF LIQUIDATION
{00242560:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-33183-tmb11    Doc 94    Filed 02/15/19

Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**4.3  Priority Tax Claims**.  Each holder of a priority tax claim will be paid in full on the Effective Date of the Plan.

**4.4  United States Trustee Fees**.  All U.S. Trustee fees required to be paid by 28 U.S.C. §1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date will be paid on the Effective Date.

**ARTICLE V**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

Secured Creditors will retain their liens until paid in full, unless specifically provided otherwise in the Plan.  To the extent allowed, and unless otherwise established by an agreement between the creditors or an order of the Court, secured claims will be paid in priority order, from senior to junior, as follows: Polk County Tax Collector, City of Independence, AMR Investment Group, LLC, OBB Partners, LLC, Irwin Leitgeb, and then Kenneth W. Hick.

**5.1  Class 1 – Secured Claim of Polk County Tax Collector**

The Class 1 claim of Polk County is impaired. The allowed secured claim of this Class shall be paid in full, with interest at 16% per annum, in one lump-sum upon the sale of the Debtor's real property, on or before July 31, 2019.  Until the Class 1 claim is fully paid, the claim will continue to be secured by a lien in all property that secured the lien as of the Petition Date, with the same priority such lien(s) had as of the Petition Date.

**5.2  Class 2 – Secured Claim of City of Independence**

The Class 2 claim of City of Independence is impaired.  The Class 2 claim is disputed.  To the extent the Class 2 Claim is allowed as a secured claim, the Class 2 Claim will be paid in in accordance with the above-stated priority schedule upon the sale of the Debtor's real property, on or before July 31,

Page 5 of 12     DEBTOR'S PLAN OF LIQUIDATION
{00242560:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-33183-tmb11    Doc 94    Filed 02/15/19

2019.  The Class 2 Claim will be paid with interest that is fixed at the prime rate as of the Effective Date.

### 5.3     Class 3 – Secured Claim of AMR Investment Group, LLC

The Class 3 claim of AMR Investment Group is impaired.  The Class 3 claim is disputed.  To the extent the Class 3 Claim is allowed, the Class 3 Claim will be paid in in accordance with the above-stated priority schedule upon the sale of the Debtor's real property, on or before July 31, 2019.  The Class 3 Claim will be paid with interest that is fixed at the prime rate as of the Effective Date.

### 5.4     Class 4 – Secured Claim of OBB Partners, LLC

The Class 4 claim of OBB Partners, LLC is impaired.  The Class 4 claim is disputed.  To the extent the Class 4 Claim is allowed, the Class 4 Claim will be paid in in accordance with the above-stated priority schedule upon the sale of the Debtor's real property, on or before July 31, 2019.  The Class 4 Claim will be paid with interest that is fixed at the prime rate as of the Effective Date.

### 5.5     Class 5 – Irwin Leitgeb

The Class 5 claim of Irwin Leitgeb is impaired.  The Class 5 claim is disputed.  To the extent the Class 5 Claim is allowed, the Class 5 Claim will be paid in in accordance with the above-stated priority schedule upon the sale of the Debtor's real property, on or before July 31, 2019.  The Class 5 Claim will be paid with interest that is fixed at the prime rate as of the Effective Date.

### 5.6     Class 6 – Kenneth W. Hick

The Class 6 claim of Kenneth W. Hick is impaired.  The Class 6 claim is disputed.  To the extent the Class 6 Claim is allowed, the Class 6 Claim will be paid in in accordance with the above-stated priority schedule upon the sale of the Debtor's real property, on or before July 31, 2019.  The Class 6 Claim will be paid with interest that is fixed at the prime rate as of the Effective Date.

### 5.7     Class 7 – Claims for Security Deposits

The Class 7 claims of certain tenants with security deposit claims against the Debtor, to the extent such claims are allowed, shall be paid in full.

Page 6 of 12     DEBTOR'S PLAN OF LIQUIDATION
{00242560:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-33183-tmb11    Doc 94    Filed 02/15/19

**5.8    Class 8 – General Unsecured Claims**

The Class 8 claims are impaired. Debtor will pay to each holder of an allowed Class 8 claim, in cash, such holder's pro-rata share of any proceeds from the sale of the Debtor's real property that remain after payment of allowed secured claims, administrative claims, and priority tax claims. Any such payments to the Class 8 Claims shall be paid in one lump sum, on or before August 31, 2019.

**5.8    Class 9 – The Debtor**

The Class 9 Debtor shall retain its interests in its assets, to the exten any such assets remain after payment of Claims.

## ARTICLE VI
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**6.1    Disputed Claim.** A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**6.2    Delay of Distribution on a Disputed Claim.** No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**6.3    Settlement of Disputed Claims.** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VII
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor will assume all month to month rental agreements, and will assign the same to a buyer of the Debtor's real property.

Page 7 of 12    DEBTOR'S PLAN OF LIQUIDATION
{00242560:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-33183-tmb11    Doc 94    Filed 02/15/19

# ARTICLE VIII
# MEANS FOR IMPLEMENTATION OF THE PLAN

**8.1     Sale of Debtor's Real Property.**  Debtor is currently marketing its real property for sale with its professional broker, Marcus & Millichap.  Debtor expects to sell its real property on or before July 31, 2019.  From the sale proceeds, the Debtor shall pay secured creditors in accordance with the priority schedule set forth in Article V above, after paying closing costs and broker fees.  After payment of secured claims, Debtor shall pay administrative claims and priority tax claims.  Any remaining funds will be paid to general unsecured creditors, on a pro-rata basis.

**8.2     Cash from Operations.**  In addition to the sale proceeds, the Debtor has collected rents, and expects to have approximately $75,000 of total cash available to make the distributions required under this Plan.  The sale proceeds and the cash from rent constitutes the entirety of the Debtor's assets.

**8.3     Retention of Avoidance Claims**. Avoidance Claims, if any, are retained. Any holder of a Claim against the Debtor shall automatically have such Claim disallowed without further action by the Debtor or order of this Court if the holder of a Claim fails to repay the Debtor any sum that may be recoverable by the Debtor under Bankruptcy Code §§ 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550 or 724(a) within ten days of a final judgment in the Debtor's favor against such Claim holder, unless such Creditor has posted a supersedeas bond for the entire amount of the Debtor's judgment. The Debtor does not believe it has any avoidance claims, and does not intend to pursue avoidance claims.

**8.4     Retention of Third-Party Claims**.  Except as otherwise provided in this Plan, the Debtor retains all Third-Party Claims.

**8.5     No Interest**.  Except as expressly stated in the Plan or otherwise allowed by the Bankruptcy Court, no interest, penalty or late charge arising after the Petition Date shall be allowed on any Claim, and the Debtor shall be entitled to offset the distribution to any Creditor who has received payment for postpetition, interest, penalties or late charges not approved by the Court.

Page 8 of 12     DEBTOR'S PLAN OF LIQUIDATION
{00242560:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-33183-tmb11    Doc 94    Filed 02/15/19

**8.6** **Time Bar to Cashing Checks**. The Debtor may (but shall not be obligated to) stop payment on any check issued by it for an allowed claim if such check is not presented for payment within 60 days after the date of issuance thereof. Any request for reissuance of any check shall be made to the Debtor in accordance with this Plan, by the holder of the allowed claim to whom such check originally was issued, prior to the expiration of the 180-day period following the Effective Date. After such date, the holder of any such Claim who has failed to make a timely request for reissuance of such a voided check shall not be entitled to any other or further distribution under this Plan on account of such voided check or such claim, and any funds remaining as a result will be distributed pro-rata to Class 3 claim holders.

## ARTICLE IX
## SECTION 1129(b) REQUEST

If the Plan meets the requirements of all provisions of 11 U.S.C. § 1129(a), except Paragraph 8 thereof, Debtor hereby requests confirmation of the Plan pursuant to 11 U.S.C. § 1129(b).

## ARTICLE X
## GENERAL PROVISIONS

**10.1** **Definitions and Rules of Construction**. The definitions and rules of construction set forth in §§ 101 and 102 of the United States Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan.

**10.2** **Effective Date of Plan**. The "Effective Date" of this Plan is the first business day following entry of an order confirming the Plan. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

**10.3** **Severability**. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**10.4** **Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**10.5** **Waiver**. After entry of the Confirmation Order and except as otherwise specifically set forth in the Plan, any term of the Plan may be waived by the party benefitted by the term, but only in a writing signed by the waiving party, which will be effective without notice or Court approval.

**10.6** **Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**10.7** **Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE XI – DEFAULT

Except as otherwise specifically provided in the Plan, in the event Debtor shall default in the performance of any of its obligations under the Plan, and if the Debtor fails to cure such default as providd below, then a claimant may pursue such remedies as are available at law or in equity. An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim. Nothing contained in the Plan shall limit the right of any party to reopen this case or to convert this case to a liquidation case under Chapter 7 of the Bankruptcy Code if cause for such relief exists.

Debtor shall be entitled to written notice of any claimed default under the Plan, and shall have thirty (30) days opportunity to cure. If such claimed default is cured within the thirty (30) days cure

Page 10 of 12     DEBTOR'S PLAN OF LIQUIDATION
{00242560:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-33183-tmb11    Doc 94    Filed 02/15/19

period, then such Creditor shall not be entitled to enforce any remedies which would otherwise be available on account of such default. If Debtor fails to cure within the thirty (30) days cure period, then such Creditor may seek such remedies as are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance. The default and cure provisions contained in this Plan shall supercede any provisions concerning default and cure contained in any other agreement between Debtor and any Creditor affected by this Plan.

Notice of default shall be effective when served simultaneously via email at the email addresses shown below and mailed to both the Debtor and to the Debtor's attorney, if any, postage prepaid, at the following addresses:

>Debtor: Colonial Oaks Mobile Home Park, LLC
>Attn: Susan Daniell, Owner
>934 South Main Street
>Independence, OR 97351

>Debtor's Attorney: Nicholas J. Henderson
>Motschenbacher & Blattner, LLP
>117 SW Taylor Street, Suite 300
>Portland, OR 97204
>Email: nhenderson@portlaw.com

## ARTICLE XII. -- RETENTION OF JURISDICTION

Notwithstanding the entry of the order confirming the Plan, the Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in 11 U.S.C. § 1127(b) and (a) to classify the Claim of any Creditor, reexamine Claims which have been allowed for voting purposes and determine any objection that may be filed to Claims; (b) to determine requests for payment of Claims entitled to priority under § 507(a)(2) of the Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate; (c) to avoid transfers or obligations and to subordinate Claims under Chapter 5 of the Bankruptcy Code; (d) to approve the

Page 11 of 12     DEBTOR'S PLAN OF LIQUIDATION
{00242560:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-33183-tmb11    Doc 94    Filed 02/15/19

assumption, assignment or rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123; (e) to resolve all controversies and disputes regarding the interpretation of the Plan; (f) to implement the provisions of the Plan and enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 case; (h) to enter a final decree closing this Chapter 11 case; for such other matters as may be set forth in the Confirmation Order; and (i) to determine the nature and extent of Debtor's ownership, or rights in property held by the Debtor as of the Petition Date, including but not limited to actions to quiet title.

## ARTICLE XIII
## NO DISCHARGE OF DEBTOR

**13.1** **No Discharge**. In accordance with § 1141(d)(3)(A) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

Respectfully submitted,

COLONIAL OAKS MOBILE HOME PARK, LLC

By: /s/ Susan Daniell
Susan Daniell,
Owner of Colonial Oaks Mobile Home Park, LLC
The Plan Proponent

By: /s/ Nicholas J. Henderson
Nicholas J. Henderson, Bar No. 074027
Attorney for the Plan Proponent

Page 12 of 12   DEBTOR'S PLAN OF LIQUIDATION
{00242560:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-33183-tmb11    Doc 94    Filed 02/15/19