Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4861
Fax: 503-241-3731

Of Attorneys for Debtors-in-Possession


IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 17-33812-tmb11 |
| Lowell G. Wittke<br>Judy A. Wittke, | DEBTORS' PLAN OF<br>REORGANIZATION (Dated: 04/02/18) |
| Debtors-in-Possession. | |

## TABLE OF CONTENTS

ARTICLE 1. -- DEFINITIONS ............................................................................. 1

1.1. Definitions: ....................................................................................... 1

1.2. Primary Structure of the Plan ........................................................... 1

ARTICLE 2. -- DISCLOSURE STATEMENT ...................................................... 2

ARTICLE 3. -- ASSETS ..................................................................................... 2

ARTICLE 4. -- CLASSIFICATION OF CLAIMS ................................................... 2

4.1.1. Class 1A – Bayview Loan Servicing (Debtors' Residence - First
Mortgage) .......................................................................................... 3

4.1.2. Class 2A – Bank of America (Rental Property located at 12550 SE 43rd
Ave., Milwaukie, OR 97222) ............................................................... 3

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4.1.3.   Class 2B – Bank of America (Rental Property located at 9016 SE Flavel (A & B), Portland, OR  97266) .................................................. 3

4.1.4.   Class 3A - Chase (Rental Property located at 12596 SE 43rd Ave., Milwaukie, OR  97222) ................................................................... 3

4.1.5.   Class 3B – JPMorgan Chase Bank, NA (Rental Property located at 12564 SE 43rd Ave., Milwaukie, OR  97222) ...................................... 4

4.1.6.   Class 4 – Bank of New York Mellon fka JPMorgan Chase (Rental Property located at 14012 SE Eastridge St., Portland, OR  97236) ......................... 4

4.1.7.   Class 5 – Ocwen Loan Servicing (Rental Properties located at 523 Roosevelt St., Oregon City, OR  97045. .................................................. 4

4.1.8.   Class 6 – Ditech (Rental Property located at 1559 SE Jasmine Way, Gresham, OR  97080) ................................................................. 4

4.1.9.   Class 7A – City of Oregon City (Debtors' Real Properties within Oregon City) ................................................................................... 5

4.1.10.  Class 7B – City of Oregon City (Debtors' Real Properties within Oregon City. ................................................................................... 5

4.1.11.  Class 8 – Multnomah County-DART – (Debtors' Real Properties within Multnomah County) ..................................................................... 5

4.1.12.  Class 9 – US Bank (Debtors' Residence – Second Mortgage). ............... 5

4.1.13.  Class 10 – David Lawrence (Debtors' Real Properties within Multnomah County - Judgment Lien) ............................................................... 5

4.1.14.  Class 11 – Discover Bank (Debtors' Residence – Judgment Lien). .......... 6

4.1.15.  Class 12 – Midland Funding LLC (Debtors' Residence – Judgment Lien). 6

4.1.16.  Class 13 – Portfolio Recovery Associates (Debtors' Residence – Judgment Lien). ...................................................................... 6

4.2.  Priority Creditors ............................................................................ 6

4.2.1.   Class 14A - Internal Revenue Service. ........................................... 6

4.2.2.   Class 14B - Oregon Department of Revenue. ................................... 6

4.2.3.   Class 15 - Residential Tenants and Former Residential Tenants. ........... 6

4.3.  Unsecured Creditors ....................................................................... 7

4.3.1.   Class 16 - General Unsecured Claims. ........................................... 7

4.4.  Class 17 - Administrative Convenience Class. ....................................... 7

4.4.1.   Unclassified Creditors. ............................................................. 7

ARTICLE 5. -- TREATMENT OF CLAIMS .......................................................... 7

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.1.    Secured Creditors. .................................................................................... 7

    5.1.1.    Classes 1A – Bayview Loan Servicing (Debtors' Residence – First Mortgage). ............................................................................. 8

    5.1.2.    Class 2A – Bank of America (Rental Property located at 12550 SE 43rd Ave., Milwaukie, OR  97222). ...................................................... 9

    5.1.3.    Class 2B – Bank of America (Rental Property located at 9016 SE Flavel (A & B), Portland, OR  97266). ...................................................... 9

    5.1.4.    Class 3A - Chase (Rental Property located at 12596 SE 43rd Ave., Milwaukie, OR  97222). .................................................................... 10

    5.1.5.    Class 3B – JPMorgan Chase (Rental Property located at 12564 SE 43rd Ave., Milwaukie, OR  97222). ................................................. 11

    5.1.6.    Class 4 – Bank of New York Mellon (Rental Property located at 14012 SE Eastridge St., Portland, OR  97236). .................................. 11

    5.1.7.    Class 5 – Ocwen (Rental Property located at 523 Roosevelt St., Oregon City, OR  97045). ................................................................. 12

    5.1.8.    Class 6 – Ditech (Rental Property located at 1559 SE Jasmine Way, Gresham, OR  97080). .............................................................. 12

    5.1.9.    Class 7A – City of Oregon City (Debtors' Real Properties within Oregon City. .......................................................................................... 13

    5.1.10.    Class 7B – City of Oregon City (Debtors' Real Properties within Oregon City. .......................................................................................... 13

    5.1.11.    Class 8 – Multnomah County-DART – (Debtors' Real Properties Located within Multnomah County. ..................................................... 13

    5.1.12.    Class 9 – US Bank (Debtors' Residence - Second Mortgage). ............... 13

    5.1.13.    Class 10 – David Lawrence (Debtors' Real Properties within Multnomah County – Judgment Lien). ........................................................... 14

    5.1.14.    Class 11 – Discover Bank (Debtors' Residence – Judgment Lien). ........ 14

    5.1.15.    Class 12 – Midland - (Debtors' Residence – Judgment Lien). ............... 14

    5.1.16.    Class 13 – Portfolio (Debtors' Residence – Judgment Lien). .................. 15

5.2.    Priority Creditors. .................................................................................... 15

    5.2.1.    Class 14A – Internal Revenue Service. ................................................. 15

    5.2.2.    Class 14B – Oregon Department of Revenue (ODR). ........................... 15

    5.2.3.    Class 15 – Tenant Security Deposits. ................................................... 15

5.3.    Unsecured Creditors. ............................................................................... 15

    5.3.1.    Class 16 – General Unsecured Creditors. ............................................. 15

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.4. Class 17 - Administrative Convenience Class. ....................................................... 16

5.5. Unclassified Creditors.......................................................................................... 16

    5.5.1. Unclassified - Equity Holders. ................................................................... 16

ARTICLE 6. -- ADMINISTRATIVE EXPENSES .................................................... 16

ARTICLE 7.-- IMPLEMENTATION ........................................................................ 18

7.1. Termination of Debtors-in-Possession. .............................................................. 18

7.2. Effective Date. .................................................................................................... 18

7.3. Revesting. ........................................................................................................... 18

7.4. Funding for Plan Payments. ............................................................................... 19

7.5. Asset Sales. ........................................................................................................ 19

7.6. Retention of Avoidance Claims. ......................................................................... 20

7.7. Retention of Third-Party Claims. ....................................................................... 20

7.8. Fees Payable Under 28 U.S.C. §1930. ............................................................... 20

7.9. Payment of Professional Fees and Expenses After the Effective Date. ............... 21

7.10. Continuation of Retiree Benefits........................................................................ 21

7.11. Prepayment. ........................................................................................................ 21

7.12. Requests for Post-Confirmation Notices. ........................................................... 22

7.13. No Attorney Fees. ............................................................................................... 22

7.14. No Interest........................................................................................................... 22

7.15. Authority to Sell Real Property. ......................................................................... 22

ARTICLE 8. -- LEASES AND EXECUTORY CONTRACTS............................................ 22

8.1. Leases and Executory Contracts Assumed.......................................................... 22

8.2. Leases and Executory Contracts Rejected........................................................... 23

ARTICLE 9. -- MODIFICATION OF THE PLAN ................................................... 24

ARTICLE 10. -- EFFECT OF CONFIRMATION .................................................... 24

ARTICLE 11. -- DISCHARGE ................................................................................ 24

ARTICLE 12. -- DEFAULT ..................................................................................... 25

ARTICLE 13. -- OBJECTIONS TO CLAIMS AND DETERMINATION OF SECURED
STATUS .................................................................................................................. 26

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

ARTICLE 14. -- RESERVATION OF POWERS .................................................................. 27

ARTICLE 15. -- WAIVER OF PROVISIONS ................................................................... 27

ARTICLE 16. -- RETENTION OF JURISDICTION ........................................................... 27

ARTICLE 17. -- SECTION 1129(b) REQUEST ............................................................... 28

ARTICLE 18. -- MISCELLANEOUS ............................................................................... 28

18.1. Headings. ......................................................................................................... 28

18.2. Notices. ............................................................................................................ 28

18.3. Reservation of Rights. ..................................................................................... 29

18.4. Computation of Time Periods. ......................................................................... 29

18.5. Creditor's Change of Address. ........................................................................ 30

18.6. Utility Deposits. ................................................................................................ 30

18.7. Setoffs. ............................................................................................................. 30

18.8. Section 1146(a) Exemption. ............................................................................ 30

18.9. Recordable Order. ........................................................................................... 31

18.10. Reserve Fund. ................................................................................................ 31

18.11. Effectuating Documents and Further Transactions. ....................................... 32

18.12. Claims Objection Bar Date. ........................................................................... 32

**Exhibit A - Definitions** ................................................................................................ 1
**Exhibit B – Debtors' Contracts / Lease Agreements - Assumed** ............................... 22

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# ARTICLE 1. -- DEFINITIONS

Definitions of certain terms used in the Plan of Reorganization ("Plan") and

Disclosure Statement are attached as **Exhibit A - Definitions**. Other terms are defined in

the text of the Plan. In either case, when a defined term is used, the first letter of each

word in the defined term is capitalized. Terms used and not defined in the Plan and

Disclosure Statement shall have the meanings given in the Bankruptcy Code or

Bankruptcy Rules.

1.1.    Definitions:

Key definitions used in the Plan are set forth on **Exhibit A - Definitions**.

1.2.    Primary Structure of the Plan

The key elements of the Plan are as follows:

1)      Debtors will retain certain of their real property rentals. These Assets

are income producing and will be the source of payments to Secured

Creditors along with annual installments to Unsecured Creditors

2)      Debtors will sell not less than 2 real property rentals over a five-year

period of time. At least one of the real property rentals will be sold

before December 31, 2018.

3)      To minimize the interest charged by the County Tax Assessors during

the orderly liquidation, Debtors will use their cash on hand to bring

current all past due real property taxes within one (1) year of the

Effective Date. Debtors believe the amounts paid to cure real property

taxes will be recovered from each property at the time each property is

sold.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4)     Debtors will pay Class 16, the general Unsecured Creditor Class, a sum of money sufficient to pay the members of that Class in full, provided that objections to certain claims are sustained. Payments to Class 16 shall be $294,871.00, which Debtors believe represents the amount which the Unsecured Creditors would receive if the Debtors' Assets were liquidated in a case under Chapter 7 of the Bankruptcy Code. If the Bankruptcy Court determines that a different sum must be paid to Class 16 to achieve Confirmation, then Debtors will pay such sum as the Court may require over the life of the Plan.

## ARTICLE 2. -- DISCLOSURE STATEMENT

Debtors have filed a Disclosure Statement which Debtors contend satisfies the requirements of 11 U.S.C. §§ 1125 and 1126 and Bankruptcy Rule 3016(c). Prior to mailing the Plan to Creditors for voting, the Court will have considered and approved the Disclosure Statement. The Disclosure Statement provides useful information to assist Creditors in voting on the Plan. A copy of the Disclosure Statement accompanies the Plan and should be considered in conjunction with the Plan.

## ARTICLE 3. -- ASSETS

Debtors will retain possession of all their Assets except as otherwise provided in the Plan.

/ / /

/ / /

/ / /

/ / /

/ / /

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# ARTICLE 4. -- CLASSIFICATION OF CLAIMS

**4.1.    Secured Creditors**.

 **4.1.1.  Class 1A –** Bayview Loan Servicing (Debtors' Residence - First Mortgage).

 Class 1A consists of the Allowed Secured Claim of Bayview Loan Servicing ("Bayview") secured by a first mortgage against Debtors' principal residence located at 23750 SW Baker Rd., Sherwood, OR 97140 ("Debtors' Residence") having an unpaid principal balance of approximately $533,864.39 as of the Petition Date.

 **4.1.2.    Class 2A –** Bank of America (Rental Property located at 12550 SE 43rd Ave., Milwaukie, OR  97222).

 Class 2A consists of the Allowed Secured Claim of Bank of America ("Bank of America") having an unpaid balance of approximately $115,939.75 as of the Petition Date and secured by Debtors' residential rental property described above.

 **4.1.3.    Class 2B –** Bank of America (Rental Property located at 9016 SE Flavel (A & B), Portland, OR  97266).

 Class 2B consists of the Allowed Secured Claim of Bank of America ("Bank of America") having an unpaid balance of approximately $291,810.00 as of the Petition Date and secured by Debtors' residential rental property described above.

 **4.1.4.    Class 3A** - Chase (Rental Property located at 12596 SE 43rd Ave., Milwaukie, OR  97222).

 Class 3A consists of the Allowed Secured Claim of Chase having an unpaid balance of approximately $163,112 as of the Petition Date and secured by Debtors' residential rental property described above.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**4.1.5.** **Class 3B** – JPMorgan Chase Bank, NA (Rental Property located at 12564 SE 43rd Ave., Milwaukie, OR  97222).

Class 3B consists of the Allowed Secured Claim of JPMorgan Chase Bank, NA ("JPMorgan") having an unpaid balance of approximately $197,105.27 as of the Petition Date and secured by Debtors' residential rental property described above.

**4.1.6.** **Class 4** – Bank of New York Mellon fka JPMorgan Chase (Rental Property located at 14012 SE Eastridge St., Portland, OR  97236)**.**

Class 4 consists of the Allowed Secured Claim of Bank of New York Mellon ("New York Mellon") having an unpaid balance of approximately $267,483.33 as of the Petition Date and secured by Debtors' residential rental property described above.

**4.1.7.** **Class 5** – Ocwen Loan Servicing (Rental Properties located at 523 Roosevelt St., Oregon City, OR  97045).

Class 5 consists of the Allowed Secured Claim of Ocwen Loan Servicing ("Ocwen") having an unpaid balance of approximately $198,829.58 as of the Petition Date and secured by Debtors' residential rental property described above.

**4.1.8.** **Class 6** – Ditech (Rental Property located at 1559 SE Jasmine Way, Gresham, OR  97080).

Class 6 consists of the Allowed Secured Claim of Ditech having an unpaid balance of approximately $142,366.31 as of the Petition Date and secured by Debtors' residential rental property described above.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4.1.9. **Class 7A** – City of Oregon City (Debtors' Real Properties within Oregon City)**.**

Class 7A consists of the Allowed Secured Claim of the City of Oregon City for a judicial lien having an unpaid balance of $51,213.69 upon Debtors' residential property located within Clackamas County, Oregon.

4.1.10. **Class 7B – City of Oregon City (Debtors' Real Properties within Oregon City.**

Class 7B consists of the Allowed Secured Claim of the City of Oregon City for a judicial lien having an unpaid balance of $16,602.86 upon Debtors' residential property located within Clackamas County, Oregon.

4.1.11. **Class 8** – Multnomah County-DART – (Debtors' Real Properties within Multnomah County).

Class 8 consists of the Allowed Secured Claim of Multnomah County-DART for unpaid real property taxes assessed upon Debtors' residential rental properties located within Multnomah County, Oregon having an unpaid balance of $22,626.00

4.1.12. **Class 9** – **US Bank (Debtors' Residence – Second Mortgage).**

Class 9 consists of the Allowed Secured Claim of US Bank secured by a second mortgage against Debtors' Residence having an unpaid principal balance of approximately $75,538.41 as of the Petition Date.

4.1.13. **Class 10** – David Lawrence (Debtors' Real Properties within Multnomah County - Judgment Lien).

Class 10 consists of the Allowed Secured Claim of David Lawrence having an unpaid balance of approximately $1,877.00 as of the Petition Date and secured by a judgment lien against Debtors' residential property within Multnomah County, Oregon.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**4.1.14. Class 11** – Discover Bank (Debtors' Residence – Judgment Lien).

Class 11 consists of the Allowed Secured Claim of Discover Bank ("Discover") having an unpaid balance of approximately $9,685.35 as of the Petition Date and secured by a judgment lien against Debtors' Residence.

**4.1.15. Class 12** – Midland Funding LLC (Debtors' Residence – Judgment Lien).

Class 12 consists of the Allowed Secured Claim of Midland Funding LLC ("Midland") having an unpaid balance of approximately $4,899.21 as of the Petition Date and secured by a judgment lien against Debtors' Residence.

**4.1.16. Class 13** – Portfolio Recovery Associates (Debtors' Residence – Judgment Lien).

Class 13 consists of the Allowed Secured Claim of Portfolio Recovery Associates ("Portfolio") having an unpaid balance of approximately $5,350.86 as of the Petition Date and secured by a judgment lien against Debtors' Residence.

**4.2. Priority Creditors**

**4.2.1. Class 14A** - Internal Revenue Service.

Class 14A consists of the allowed Priority Claim of the Internal Revenue Service for unpaid income taxes.

**4.2.2. Class 14B** - Oregon Department of Revenue.

Class 14B consists of the allowed Priority Claim of the Oregon Department of Revenue for unpaid income taxes.

**4.2.3. Class 15 - Residential Tenants and Former Residential Tenants.**

Class 15 consists of the Claims of residential tenants or former residential tenants of Debtors for the repayment of rental security deposits paid to the Debtors pre-

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

petition entitled to priority under 11 U.S.C. §507(a)(7).  The total amount of the security deposit claims held by current tenants is approximately $_____.  All Claims against the Debtors for return of rental security deposits are less than $_____ per Claim, and therefore all are entitled to priority status.

### 4.3.  Unsecured Creditors

#### 4.3.1.  Class 16 - General Unsecured Claims.

Class 16 consists of those Creditors holding allowed general Unsecured Claims.

### 4.4.  Class 17 - Administrative Convenience Class.

Class 17 consists of all Allowed Unsecured Claims which are equal to or less than the amount of $5,000.00.

#### 4.4.1.  Unclassified Creditors.

**Unclassified** - Equity Holders.  The Debtors, Lowell G. and Judy A. Wittke, are the sole equity holders in the case.

## ARTICLE 5. -- TREATMENT OF CLAIMS

Unless otherwise stated, all Classes of Claims are impaired under the Plan and entitled to vote.

Except as otherwise modified by the Plan, all agreements executed between the Debtors and their Creditors including, but not limited to, contracts, leases, security agreements, UCC financing statements, mortgages, trust deeds and all other documents, shall remain in full force and effect according to their terms.

### 5.1.  Secured Creditors.

Secured Creditors will retain their liens until paid in full, unless specifically provided otherwise in the Plan.  Secured Creditors shall have the option of submitting new security

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

agreements to Debtors consistent with the provisions of the Plan for execution by Debtors. Debtors agree to sign such documents upon presentation.

Unless otherwise stated, any unpaid deficiency after sale, foreclosure or return of a Secured Creditor's Collateral shall be treated as an Unsecured Claim. Unless a Secured Creditor files an itemized Claim (or amends an existing Claim) to assert a deficiency Claim within 60 days after sale, foreclosure or return of its Collateral, any such deficiency Claim shall be deemed waived. A Claim for a deficiency shall be filed with the Court and served upon the Debtors' and Debtors' counsel. Unless the Debtors object to a deficiency Claim within 60 days of service, the deficiency Claim shall be deemed allowed.

Unless otherwise stated, the terms of all agreements between the Debtors and Secured Creditors shall remain the same, excepting that the maturity date of any note shall be extended to a date not less than 5 years from the Effective Date; defaults based on Debtors' insolvency or filing of bankruptcy shall not be enforceable. Notwithstanding any language in this Plan to the contrary, unless a Secured Creditor otherwise consents, the Allowed Claim of any Secured Creditor shall be paid in full at the time the respective collateral securing the Allowed Claim is sold.

     **5.1.1. Classes 1A** – Bayview Loan Servicing (Debtors' Residence – First Mortgage).

     Class 1A is unimpaired. Bayview Loan Servicing's Allowed Secured Claim in full in accordance with the terms set forth therein. For the Claim within this Class, commencing with the date the monthly payment would first be due after the Effective Date, Debtors will resume making the regular monthly payments provided for in the Note until the balance is paid in full, which shall be not later than the maturity date of May 1, 2036 as provided in the Note and Deed of Trust (unless reinstated as provided hereafter). The

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

current monthly payment amount is $2,487.79 which includes principal, interest, and escrow.  Creditor shall provide Debtors with notice of any change in such payment as provided in the Note and Deed of Trust.  Arrears will be cured by lump sum payment on or before the maturity date.  Upon such payment of the arrears, the original loan shall be deemed reinstated.

    **5.1.2.**   **Class 2A** – Bank of America (Rental Property located at 12550 SE 43rd Ave., Milwaukie, OR  97222).

    Class 2A is impaired.  The Allowed Secured Claim of this Class will be paid as follows:  The entire Claim, including principal, interest, costs and attorneys fees will be combined into a single amount, which will be paid in full with 4.5% interest in equal monthly installments commencing the first day of the month following the Effective Date, with like payments due on the same day of each consecutive calendar month thereafter until paid in full, on or before July 1, 2045, which is the existing maturity date under the Note and Deed of Trust.  In addition to such payments, Debtors shall make monthly payments of $433.43 to this Class, which shall be escrowed for the purpose of paying property taxes and insurance.  Escrow payments are to be made at the same time as payments of principal and interest on the Claim.  Creditor shall provide Debtors with thirty (30) days' notice of any change in such escrow payments.

    **5.1.3.**   **Class 2B** – Bank of America (Rental Property located at 9016 SE Flavel (A & B), Portland, OR  97266).

    Class 2B is impaired.  The Allowed Secured Claim of this Class will be paid as follows:  The entire Claim, including principal, interest, costs and attorneys fees will be combined into a single amount, which will be paid in full with 4.5% interest in equal monthly installments commencing the first day of the month following the Effective Date,

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

with like payments due on the same day of each consecutive calendar month thereafter until paid in full, on or before July 18, 2025, which is the existing maturity date under the Note and Deed of Trust.  In addition to such payments, Debtors shall make monthly payments of $649.25 to this Class, which shall be escrowed for the purpose of paying property taxes and insurance.  Escrow payments are to be made at the same time as payments of principal and interest on the Claim.  Creditor shall provide Debtors with thirty (30) days' notice of any change in such escrow payments.  If Debtors are provided with an abatement for the payment of property taxes, Debtors shall provide a copy of such abatement to Creditor and may decrease the amount of escrow payment accordingly.

    **5.1.4.** **Class 3A** - Chase (Rental Property located at 12596 SE 43rd Ave., Milwaukie, OR  97222).

    Class 3A is impaired.  The Allowed Secured Claim of this Class will be paid as follows:  The entire Claim, including principal, interest, costs and attorneys fees will be combined into a single amount, which will be paid in full with 4.5% interest in equal monthly installments commencing the first day of the month following the Effective Date, with like payments due on the same day of each consecutive calendar month thereafter until paid in full, on or before August 1, 2052, which is the existing maturity date under the Note and Deed of Trust.  In addition to such payments, Debtors shall make monthly payments of $385.39 to this Class, which shall be escrowed for the purpose of paying property taxes and insurance.  Escrow payments are to be made at the same time as payments of principal and interest on the Claim.  Creditor shall provide Debtors with thirty (30) days' notice of any change in such escrow payments.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.1.5. **Class 3B** – JPMorgan Chase (Rental Property located at 12564 SE 43rd Ave., Milwaukie, OR  97222).

Class 3B is impaired.  The Allowed Secured Claim of this Class will be paid as follows:  The entire Claim, including principal, interest, costs and attorneys fees will be combined into a single amount, which will be paid in full with 4.5% interest in equal monthly installments commencing the first day of the month following the Effective Date, with like payments due on the same day of each consecutive calendar month thereafter until paid in full, on or before February 20, 2033, which is the existing maturity date under the Note and Deed of Trust.  In addition to such payments, Debtors shall make monthly payments of $338.33 to this Class, which shall be escrowed for the purpose of paying property taxes and insurance.  Escrow payments are to be made at the same time as payments of principal and interest on the Claim.  Creditor shall provide Debtors with thirty (30) days' notice of any change in such escrow payments.

5.1.6. **Class 4** – Bank of New York Mellon (Rental Property located at 14012 SE Eastridge St., Portland, OR  97236).

Class 4 is impaired.  The Allowed Secured Claim of this Class will be paid as follows:  The entire Claim, including principal, interest, costs and attorneys fees will be combined into a single amount, which will be paid in full with 4.5% interest in equal monthly installments commencing the first day of the month following the Effective Date, with like payments due on the same day of each consecutive calendar month thereafter until paid in full, on or before October 1, 2033, which is the existing maturity date under the Note and Deed of Trust.  In addition to such payments, Debtors shall make monthly payments of $418.49 to this Class, which shall be escrowed for the purpose of paying property taxes and insurance.  Escrow payments are to be made at the same time as

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

payments of principal and interest on the Claim.  Creditor shall provide Debtors with thirty (30) days' notice of any change in such escrow payments.

5.1.7.  **Class 5** – Ocwen (Rental Property located at 523 Roosevelt St., Oregon City, OR  97045).

Class 5 is unimpaired.  The Allowed Secured Claim in full in accordance with the terms set forth therein.  For the Claim within this Class, commencing with the date the monthly payment would first be due after the Effective Date, Debtors will resume making the regular monthly payments provided for in the Note until the balance is paid in full, which shall be not later than the maturity date of February 23, 2033 as provided in the Note and Deed of Trust (unless reinstated as provided hereafter).  The current monthly payment amount is $789.00 which includes principal, interest, and escrow.  Creditor shall provide Debtors with notice of any change in such payment as provided in the Note and Deed of Trust.  Arrears will be cured by lump sum payment on or before the maturity date.  Upon such payment of the arrears, the original loan shall be deemed reinstated.  If Debtors are provided with an abatement for the payment of property taxes, Debtors shall provide a copy of such abatement to Creditor and may decrease the amount of escrow payment accordingly.

5.1.8.  **Class 6** – Ditech (Rental Property located at 1559 SE Jasmine Way, Gresham, OR  97080).

Class 6 is impaired.  The Allowed Secured Claim of this Class will be paid as follows:  The entire Claim, including principal, interest, costs and attorneys fees will be combined into a single amount, which will be paid in full with 4.5% interest in a single installment on or before December 31, 2018 based on the sale of the real property.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**5.1.9. Class 7A** – City of Oregon City (Debtors' Real Properties within Oregon City.

Class 7A is impaired. The Allowed Secured Claim of this Class will be paid as follows: The entire Claim, including principal, interest, costs and attorneys fees will be combined into a single amount, which will be paid in full with 4.5% interest in equal monthly installments commencing the first day of the month following the Effective Date, with like payments due on the same day of each consecutive calendar month thereafter for sixty (60) months until paid in full.

**5.1.10. Class 7B** – City of Oregon City (Debtors' Real Properties within Oregon City.

Class 7B is impaired. The Allowed Secured Claim of this Class will be paid as follows: The entire Claim, including principal, interest, costs and attorneys fees will be combined into a single amount, which will be paid in full with 4.5% interest in equal monthly installments commencing the first day of the month following the Effective Date, with like payments due on the same day of each consecutive calendar month thereafter for sixty (60) months until paid in full.

**5.1.11. Class 8 – Multnomah County-DART – (Debtors' Real Properties Located within Multnomah County.**

Class 8 is impaired. For the Claim within this Class, the Allowed Secured Claim shall be paid in full with interest at the applicable statutory rate in one installment of principal and interest on or before December 31, 2018.

**5.1.12. Class 9 – US Bank (Debtors' Residence - Second Mortgage).**

Class 9 is impaired. The Claim within this Class is a Contested Claim, as the Debtors have filed a motion seeking to avoid the lien held by the Creditor. If such motion

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

is granted, then the Claim in this Class will be treated as a Claim within Class 16 – General Unsecured Creditors.  If such motion is denied, then the Claim in this Class will be treated in the same manner as Class 7A.

    **5.1.13.  Class 10** – David Lawrence (Debtors' Real Properties within Multnomah County – Judgment Lien).

    Class 10 is impaired.  The Claim within this Class is a Contested Claim, as the Debtors have filed a motion seeking to avoid the lien held by the Creditor.  If such motion is granted, then the Claim in this Class will be treated as a Claim within Class 16 – General Unsecured Creditors.  If such motion is denied, then the Claim in this Class will be treated in the same manner as Class 7A.

    **5.1.14.  Class 11** – Discover Bank (Debtors' Residence – Judgment Lien).

    Class 11 is impaired.  The Claim within this Class is a Contested Claim, as the Debtors have filed a motion seeking to avoid the lien held by the Creditor.  If such motion is granted, then the Claim in this Class will be treated as a Claim within Class 16 – General Unsecured Creditors.  If such motion is denied, then the Claim in this Class will be treated in the same manner as Class 7A.

    **5.1.15.  Class 12** – Midland - (Debtors' Residence – Judgment Lien)**.**

    Class 12 is impaired.  The Claim within this Class is a Contested Claim, as the Debtors have filed a motion seeking to avoid the lien held by the Creditor.  If such motion is granted, then the Claim in this Class will be treated as a Claim within Class 16 – General Unsecured Creditors.  If such motion is denied, then the Claim in this Class will be treated in the same manner as Class 7A.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.1.16. **Class 13** – Portfolio (Debtors' Residence – Judgment Lien).

Class 13 is impaired. The Claim within this Class is a Contested Claim, as the Debtors have filed a motion seeking to avoid the lien held by the Creditor. If such motion is granted, then the Claim in this Class will be treated as a Claim within Class 16 – General Unsecured Creditors. If such motion is denied, then the Claim in this Class will be treated in the same manner as Class 7A.

5.2. **Priority Creditors.**

5.2.1. **Class 14A** – Internal Revenue Service.

Class 14A is unimpaired and not entitled to vote. Debtors believe that there is nothing owed to Claimant in this Class.

5.2.2. **Class 14B** – Oregon Department of Revenue (ODR).

Class 14B is unimpaired and not entitled to vote. Debtors believe that there is nothing owed to Claimant in this Class.

5.2.3. **Class 15** – Tenant Security Deposits.

Class 15 is unimpaired. Any such claims in this Class shall be addressed as provided in the respective lease agreements.

5.3. **Unsecured Creditors.**

5.3.1. **Class 16** – General Unsecured Creditors.

Class 16 is impaired.

Debtors will make annual distributions to the Class 16 Creditors on Pro Rata basis on or before the last day of each annual period of Available Funds on hand within the Reserve Account. With respect to the Reserve Account, the term "Available Funds" shall mean all funds on hand in the Reserve Account in excess of $25,000. Debtors shall have no obligation to distribute any funds to any Creditor of this Class if the amount of the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

distribution is less than $10.  Distributions of less than $10 shall be deemed forfeited.  The amounts and timing of projected disbursements to Class 16 are shown on **Exhibit 1** to the Disclosure Statement, but for clarity are summarized below:

The lump sum payment of approximately $250,495.00 due to the Class 16 Creditors in year 5 of the Plan will be paid via sale or refinance of Assets including, if necessary, Debtors' personal residence.  Debtors estimate that the foregoing payments will result in a dividend paid to Class 16 of 100% on all Allowed Claims with interest thereon at the federal judgment rate.

### 5.4. **Class 17 - Administrative Convenience Class.**

The claims within this Class are unimpaired.  Class 17 consists of all Allowed Unsecured Claims which are equal to or less than the amount of $5,000.00.  On the Effective Date, each holder of a claim within this Class shall be paid 75% of their Allowed Claim with interest at the federal judgment interest rate.

### 5.5. **Unclassified Creditors.**

#### 5.5.1. **Unclassified - Equity Holders.**

Lowell G. and Judy A. Wittke shall retain ownership of their Assets under the Plan subject to the terms of the Plan.

## ARTICLE 6. -- ADMINISTRATIVE EXPENSES

All allowed Administrative Claims which are entitled to priority pursuant to § 503 of the Code shall be paid in full, unless otherwise agreed in writing by the holder of such Claim or ordered by the Court, on or before the Effective Date of the Plan, or within ten (10) days of entry of a Court order approving an application for allowance of an Administrative Claim, whichever is the later.  For purposes of the Plan, any income tax liability of the Debtors shall be treated as an Administrative Claim payable upon the later of

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

the Effective Date or the date upon which the tax is due under applicable nonbankruptcy law. Any party who asserts an Administrative Claim against the Debtors shall file such Claim within sixty (60) days of the Effective Date or the right to such Claim shall be barred.

Each holder of an Administrative Claim who is amenable to deferring payment of its Administrative Claim shall receive interest at the Prime Rate in effect on the Effective Date from the Effective Date on unpaid amounts and shall be granted a security interest, to secure payment of the allowed Administrative Claim, in all of Debtors' Assets, including promissory notes, vehicles, accounts, general intangibles, contract rights, equipment, goods, inventory, instruments, documents of title, policies and certificates of insurance, proceeds of insurance policies (including life insurance policies), commercial tort claims, payment intangibles, securities, chattel paper, deposits, cash, personal property, real property, and products, rents, and proceeds of the foregoing, now owned or hereafter acquired. To perfect an interest granted to an administrative claimant under this Article in life insurance proceeds, Debtors shall, on request, add such administrative claimant as an additional loss payee to such policy or policies, but only to the extent of the administrative claimant's allowed Administrative Claim owed at the time of the insured's death. A security interest granted to an administrative claimant shall not improve the administrative claimant's priority position as to existing liens or security interests. Rather, with respect to existing liens the administrative claimant's lien shall have the same priority, if any, as to Debtors' Assets as the administrative claimant currently has under 11 U.S.C. §507(a). The rights of all holders of liens against Debtors' Assets and the administrative claimants shall be preserved and reserved with respect to any future dispute as to the priority of the lien granted to any administrative claimant. Debtors shall execute any documents requested by the holder of the Administrative Claim to perfect the security interest granted herein,

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

against both personal property and real property.  Debtors have the intention and the

ability to pay all Administrative Claims in full on or before the Effective Date, with the

possible exception of Debtors' professional advisors (Vanden Bos & Chapman, LLP -

general bankruptcy counsel).  If necessary, Debtors believe this firm will agree to be paid a

portion of their fees on a schedule post-confirmation which should allow Debtors to make

the scheduled payments called for in their Plan.  Debtors have not requested, nor do they

expect to request, installment payment arrangements from any other Administrative

Claimant, but reserves the right to do so if necessary or appropriate.  Notice of the terms of

any proposed installment payment schedule will be disclosed to the Court in the final fee

application of any professional who will be paid on an installment basis.

## ARTICLE 7.-- IMPLEMENTATION

### 7.1.    Termination of Debtors-in-Possession.

On the Effective Date, the Debtors' status as Debtors-in-Possession shall terminate,

and the Debtors shall continue to operate their business in the ordinary course and shall

not be precluded from engaging in any lawful business activities.

### 7.2.    Effective Date.

The Effective Date of the Plan means the fifteenth day after the date on which the

order confirming the Plan is entered by the Clerk of the Bankruptcy Court, provided there is

no stay of such order then in effect; or if a stay is then in effect, then the date on which the

order confirming the Plan becomes a Final Order.

### 7.3.    Revesting.

On the Effective Date the Debtors shall be vested with all of their property, and all

property of the bankruptcy estate, free and clear of all claims, liens, charges or other

interests of Creditors arising prior to the entry of the order confirming the Plan except for

liens upon property securing Claims provided for in the Plan.  Except as otherwise

provided in the Plan, the Debtors may transact business and conduct their affairs free of

any restriction of the Court following confirmation of the Plan.  The property of the Debtors

and/or the property of the bankruptcy estate which will vest in the Debtors on the Effective

Date includes, but is not limited to, their respective tax attributes, including but not limited

to ordinary loss carry forwards and capital loss carry forwards as defined and allowed

under the Internal Revenue Code and the laws of the State of Oregon that the Debtors or

the bankruptcy estate were entitled to claim pre-petition, or that arose post-petition.

### 7.4.  Funding for Plan Payments.

The Debtors' projections for income and expenses during the life of the Plan, and

the assumptions underlying those projections are attached to the Disclosure Statement as

**Exhibit 1 – Debtors' Projected Income and Plan Payments**.  The projections show that

Debtors should be able to make the payments provided for in the Plan.  The cash balance

Debtors carry on a monthly basis in their budget projections is an amount Debtors believe

is reasonably prudent to maintain as working capital and to meet payments as they

become due under the Plan.

In summary, Debtors propose to fund the payments called for by the Plan from

Debtors' post-petition income, from recoveries, if any, from claims held by the Debtors

against certain third parties (as described in Section 7.5, below), their share of the

proceeds, if any, with the liquidation of certain Assets held by the Debtors as more fully

described in the Disclosure Statement.

### 7.5.  Asset Sales.

Debtors reserve the right to liquidate the Designated Properties in the manner

Debtors' deem most prudent and as dictated by market conditions and also in a manner to

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

minimize tax consequences.  In certain instances, where a Designated Property cannot be sold for a net positive cash flow after payment of sale expenses (including repairs required to qualify the property for a conventional loan), sales commissions, closing costs and income taxes resulting from the sale), Debtors shall have the right at any time before completion of payments due under the Plan, with prior twenty days' notice to all Creditors holding liens upon such property, to abandon such property, which shall authorize the Secured Creditor to foreclose its security interest.  Any deficiency claim held by a Creditor secured by property which has been abandoned shall be a Class 16 Claim.

### 7.6.    Retention of Avoidance Claims.

Avoidance Claims, if any, are retained.

Any holder of a Claim against the Debtors shall automatically have such Claim disallowed without further action by the Debtors or order of this Court if the holder of a Claim fails to repay the Debtors any sum that may be recoverable by the Debtors under Bankruptcy Code §§ 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550 or 724(a) within ten days of a final judgment in the Debtors' favor against such Claim holder, unless such Creditor has posted a supersedeas bond for the entire amount of the Debtors' judgment.

### 7.7.    Retention of Third-Party Claims.

The Debtors shall investigate whether Debtors have any Third-Party Claims.  All Third-Party Claims are preserved.  Debtors, with notice, may abandon Third-Party Claims at any time.  Debtors are unaware of any Third-Party Claims.

### 7.8.    Fees Payable Under 28 U.S.C. §1930.

All fees payable under 28 U.S.C. §1930, as determined by the Court, shall be paid on or before the Effective Date.  All post-petition fees payable under 28 U.S.C. §1930 shall

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

be paid when due.  Debtors shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1930(a)(6) until the case is closed, converted, or dismissed.  After confirmation, the Debtors shall file with the Court a monthly financial report for each month, or portion thereof, that the case remains open.  The monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the Plan.

### 7.9.    Payment of Professional Fees and Expenses After the Effective Date.

Any professional person employed by the Debtors after the Effective Date shall be paid by the Debtors upon submission to the Designated Parties of a detailed billing statement setting forth the amount of compensation or reimbursement, or both, sought.  If none of the Designated Parties objects to a bill on or before a date that is ten (10) business days after it is served, the Debtors may pay such fees and expenses in the amount requested without further Court approval or Order.  If a timely objection is made and is not withdrawn, any dispute shall be submitted to the Bankruptcy Court for resolution.

### 7.10.   Continuation of Retiree Benefits.

Retiree benefits, if any (and Debtors believe there are none), shall be continued after the Effective Date without modification at the level established pursuant to §1114(e)(1)(B) or (g) of the Code for the duration of the period that the Debtors have obligated themselves to provide such benefits.

### 7.11.   Prepayment.

Debtors may pre-pay any amounts due to any Creditor or Class of Creditors prior to the due dates set in the Plan without penalty and without prior notice or Court approval.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

### 7.12.  Requests for Post-Confirmation Notices.

This Section Intentionally Deleted.

### 7.13.  No Attorney Fees.

No attorneys fees shall be paid with respect to any Claim except as specified in the Plan or allowed by a Final Order of Bankruptcy Court.

### 7.14.  No Interest.

Except as expressly stated in the Plan or otherwise allowed by the Bankruptcy Court, no interest, penalty or late charge arising after the Petition Date shall be allowed on any Claim, and the Debtors shall be entitled to offset the distribution to any Creditor who has received payment for post-petition, interest, penalties or late charges not approved by the Court.

### 7.15.  Authority to Sell Real Property.

Upon confirmation, Debtors shall have authority, without further Court approval or notice to Creditors, to sell any or all of Debtors' real properties (and any real properties owned by any limited liability company in which the Debtors are members), provided that the Net Proceeds from such a sale are sufficient to pay: (1) the amounts due to any Creditor holding a perfected lien against the property (excluding any amounts secured only by virtue of cross-Collateralization clauses or judgment lien); (2) reasonable sales costs, including ordinary real estate commissions; (3) reasonable attorneys fees associated with the respective transaction; and (4) taxes, if any, resulting from the sale.

## ARTICLE 8. -- LEASES AND EXECUTORY CONTRACTS

### 8.1.  Leases and Executory Contracts Assumed.

Effective on and as of the Effective Date, each executory contract and unexpired lease that exist between Debtors and any other party, with respect to which the Debtors

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

have filed a motion in this case for authority to assume and/or that is listed on **Exhibit B –**

**Debtors' Contracts / Lease Agreements - Assumed** attached to the Plan, is hereby

expressly assumed, except for any executory contracts and unexpired leases that have

been rejected by the Debtors with the approval of the Court on or before the Effective Date

or with respect to which a motion for rejection has been filed on or before the Confirmation

Date.  Entry of the Confirmation Order shall constitute approval of the assumption and

assignment of executory contracts and unexpired leases as provided in this Section.

Debtors believe that they are current on all of their leases and executory contracts, and

therefore any amounts to cure should be insignificant or will have been paid in the ordinary

course of business.  In the event a lease or executory contract is in arrears, as soon as

practicable after the Effective Date, Debtors will cure or provide adequate assurance that

Debtors will promptly cure any default and will promptly compensate, or provide adequate

assurance that Debtors will promptly compensate, the other party to such lease or contract

for any pecuniary loss to such party resulting from any default.

### 8.2.   Leases and Executory Contracts Rejected.

Without admitting the existence of, or validity of, any other executory contract or

unexpired lease, all executory contracts or unexpired leases with respect to which Debtors

have not filed a motion seeking authority to assume or which are not expressly assumed in

the Plan shall be rejected on the Effective Date.  Any Claims for damages arising by

reason of the rejection of any executory contract or unexpired lease will be disallowed and

the holder thereof barred from receiving distributions under the Plan unless a Proof of

Claim for such damages on account of rejection is filed with the Court within thirty days

after the Effective Date.  Any Claims based upon rejection of a lease for real property shall

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

be limited to the amount set forth in 11 U.S.C. §502(b)(6).  Lease Rejection Claims shall
be treated as general Unsecured Claims.

## ARTICLE 9. -- MODIFICATION OF THE PLAN

The Debtors may, upon compliance with requirements of 11 U.S.C. §1127, propose
amendments or modifications to the Plan at any time prior to confirmation with the
permission of the Court and upon notice to affected Creditors.  If Debtors revoke or
withdraw the Plan prior to the Effective Date, then the Plan shall be deemed null and void.
In such event, nothing contained in the Plan shall be deemed to constitute a waiver or
release of any Claims by or against the Debtors or any other entity or to prejudice in any
manner the rights of the Debtors or any entity in any further proceeding involving the
Debtors. After confirmation, Debtors may, with the approval of the Court, and so long as it
does not materially or adversely affect the interest of Creditors, remedy any defects,
omissions or reconcile any inconsistencies in the Plan in whatever way is necessary to
carry out the purposes of the Plan.

## ARTICLE 10. -- EFFECT OF CONFIRMATION

The effect of confirmation shall be as provided for in 11 U.S.C. §1141, and as
otherwise set forth in the Plan.  After confirmation, and provided that Debtors are not in
default of the Plan as defined herein, Debtors shall have authority to operate Debtors'
business in any lawful manner not inconsistent with the provisions of the Plan.

## ARTICLE 11. -- DISCHARGE

Debtors will receive a discharge of their debts upon completion of all payments to
be made under the Plan pursuant to 11 U.S.C. §1141(d)(5), subject to any applicable
exceptions to discharge, if any are sustained by the Court, under 11 U.S.C. §1141(d)(6).
Payments owing by Debtors after year-end following the fifth anniversary of the Effective

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Date shall be conclusively deemed not to be payments due under the Plan, but to be payments due under pre-petition agreement between the Debtors and each respective Creditor.

After confirmation, but before completion of all payments under the Plan, Debtors shall have the right to request, on notice to the Designated Parties, that Debtors' case be closed subject to reopening without payment of a re-opening fee or filing fee, for the limited purpose of entry of discharge.

Debtors shall be entitled to entry of discharge under 11 U.S.C. §1141 upon completion of the payments to all classes of Creditors in this Plan without regard to the date of completion of such payments. Specifically, Debtors will be entitled to entry of discharge prior to the expiration of five years from the Effective Date should Debtors complete the payments provided for in this Plan in less than five years.

## ARTICLE 12. -- DEFAULT

Except as otherwise specifically provided in the Plan, in the event Debtors shall default in the performance of any of her obligations under the Plan, then a claimant may pursue such remedies as are available at law or in equity. An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim. Nothing contained in the Plan shall limit the right of any party to reopen this case or to convert this case to a liquidation case under Chapter 7 of the Bankruptcy Code if cause for such relief exists.

Debtors shall be entitled to written notice of any claimed default under the Plan, and shall have twenty (20) days opportunity to cure. If such claimed default is cured within the twenty (20) days cure period, then such Creditor shall not be entitled to enforce any remedies which would otherwise be available on account of such default. If Debtors fail to

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

cure within the twenty (20) days cure period, then such Creditor may seek such remedies as are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance. The default and cure provisions contained in the Plan shall supersede any provisions concerning default and cure contained in any other agreement between Debtors and any Creditor affected by the Plan.

Notice of default shall be effective when served simultaneously via fax at the number shown below and mailed to both the Debtors and to the Debtors' attorney, if any, postage prepaid, at the following addresses:

| | |
|---|---|
| **Debtors**: | Lowell G. Wittke |
| | Judy A. Wittke |
| | 23750 SW Baker Rd. |
| | Sherwood, OR 97140 |
| | |
| **Debtors' Attorney**: | Douglas R. Ricks |
| | VANDEN BOS & CHAPMAN, LLP |
| | 319 SW Washington, Suite 520 |
| | Portland, OR 97204 |
| | Telephone: (503) 241-4869 |
| | Fax: (503) 241-3731 |

## ARTICLE 13. -- OBJECTIONS TO CLAIMS AND DETERMINATION OF SECURED STATUS

The Debtors retain the right to object to the Claim of any Creditor. Notwithstanding any other provision of the Plan specifying a date or time for payment or distribution of consideration hereunder, payments and distributions for any Claim that at such date or time is disputed, unliquidated, or contingent, or the nature, extent, or value of the Collateral securing such Claim is subject to a pending proceeding, shall not be made until an order with respect to such objection, estimation, or valuation becomes final, whereupon such payments and distribution shall be made promptly in accordance with such order and the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Plan provided however, that any undisputed amount owed on a Disputed Claim shall be paid as if the undisputed amount were an Allowed Claim. Any timely filed Claim not objected to within 120 days of the Effective Date, unless such deadline is extended in writing by the consent of the affected Creditor, or by order of the Court for cause, shall be conclusively deemed allowed.

## ARTICLE 14. -- RESERVATION OF POWERS

Nothing in the Plan shall be deemed to constitute a waiver of the powers of Debtors under Chapters 3 and 5 of Title 11 of the United States Code. The Debtors shall retain after confirmation all powers granted by such Title to the Debtors with respect to avoidance of liens or transfers, recovery of property, and subordination of Claims.

## ARTICLE 15. -- WAIVER OF PROVISIONS

After entry of the Confirmation Order and except as otherwise specifically set forth in the Plan, any term of the Plan may be waived by the party benefitted by the term, but only in a writing signed by the waiving party, which will be effective without notice or Court approval.

## ARTICLE 16. -- RETENTION OF JURISDICTION

Notwithstanding the entry of the order confirming the Plan, the Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in 11 U.S.C. §1127(b) and (a) to classify the Claim of any Creditor, reexamine Claims which have been allowed for voting purposes and determine any objection that may be filed to Claims; (b) to determine requests for payment of Claims entitled to priority under § 507(a)(2) of the Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate; (c) to avoid transfers or obligations and to subordinate Claims under Chapter 5 of the Bankruptcy Code; (d) to approve the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

assumption, assignment of rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123; (e) to resolve all controversies and disputes regarding the interpretation of the Plan; (f) to implement the provisions of the Plan and enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 case; (h) to enter a final decree closing this Chapter 11 case; for such other matters as may be set forth in the Confirmation Order; (i) to determine the nature and extent of Debtors' ownership, or rights in property held by the Debtors as of the Petition Date, including but not limited to actions to quiet title; and (j) reopen the case for the limited purpose of granting Debtors a discharge under 11 U.S.C. §1141 upon completion of the Plan payments.

## ARTICLE 17. -- SECTION 1129(b) REQUEST

If the requirements of all provisions of 11 U.S.C. §1129(a), except Paragraph 8 thereof, are met with regard to the Plan, Debtors hereby request confirmation of the Plan pursuant to 11 U.S.C. §1129(b). To the extent that the Court declines to confirm the Plan, the Debtors will request a reasonable period of time to submit an amended plan to address the grounds upon which confirmation was denied.

## ARTICLE 18. -- MISCELLANEOUS

### 18.1.  Headings.

The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect meanings of the Plan.

### 18.2.  Notices.

Unless otherwise agreed to between a Creditor and the Debtors or otherwise stated in the Plan, all notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by regular or certified mail, return receipt

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

requested. Notice to a holder of an Allowed Claim shall be directed to the address set forth within its Proof of Claim filed with the Court, or if none, to its address set forth in the schedules prepared and filed with the Court, as amended. Notices shall be deemed given upon delivery, if personally delivered, and upon mailing, if mailed. Any person may change the address at which such person is to receive notices under the Plan by sending written notice, pursuant to the provisions of this section, to the Debtors and any other person to be charged with knowledge of such change.

### 18.3. Reservation of Rights.

Neither the filing of the Plan nor any statement nor provision contained herein, nor the taking by any Creditor of any action with respect to the Plan, shall, until the Effective Date, (a) be or be deemed to be an admission against interest and (b) be or be deemed to be a waiver of any rights any Creditors may have against Debtors or any of her Assets or any other Creditor, and, until the Effective Date, all such rights are specifically reserved. In the event that the Effective Date cannot be determined, neither the Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or without this Chapter 11 case involving Debtors.

### 18.4. Computation of Time Periods.

In computing any period of time prescribed or allowed by the Plan, the day or month of the act, event or default from which the designated period of time begins to run shall not be included. The last day or month of the period so computed shall be included. In the event that the last day is a Saturday, Sunday, or legal holiday, then the period shall run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

### 18.5.  Creditor's Change of Address.

Any Creditor who fails to notify the Debtors in writing of that Creditor's change of address, with the result that the Debtors' communications to the Creditor are returned by the United States Postal Service for insufficient or improper address, shall forfeit that Creditor's rights to distributions made during the time of such failure, but will be entitled to amounts to be distributed after notifying the Debtors of the new or corrected address.  The Debtors need not distribute property unclaimed within six (6) months of the final distribution.

### 18.6.  Utility Deposits.

All utilities holding a Utility Deposit shall immediately after the Effective Date return or refund such Utility Deposit to the Debtors. At the sole option of the Debtors, any Utility Deposit that has not been refunded may be applied in satisfaction of payments due or to become due from the Debtors to a utility holding such Utility Deposit.

### 18.7.  Setoffs.

Debtors may, but shall not be required to, set off against any Claim and the distributions to be made pursuant to the Plan in respect of such Claim, any Claims of any nature whatsoever which Debtors may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release of any such Claim Debtors may have against such holder.

### 18.8.  Section 1146(a) Exemption.

Pursuant to Section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security under the Plan, or the execution, delivery or recording of an instrument of transfer pursuant to, in implementation of or as contemplated by the Plan, or the re-vesting, transfer or sale of any real property of Debtors pursuant to, in

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

implementation of or as contemplated by the Plan, shall not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee.  Consistent with the foregoing, each recorder of deeds or similar official for any city, county or government unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument without requiring the payment of any documentary stamp tax, deed stamps, transfer tax, intangible tax or similar tax.

### 18.9.  Recordable Order.

The Confirmation Order shall be deemed to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications or other supporting documents.

### 18.10. Reserve Fund.

The Debtors shall deposit into a segregated account and hold in trust all cash distributions reserved for the holders of Allowed Claims who have failed to claim distributions made pursuant to the Plan and holders of Disputed Claims.  Cash reserved for Disputed Claims shall be distributed to the holders thereof as and to the extent such Claims become Allowed Claims.  For a period of one year following a distribution pursuant to the Plan, cash or other property that is unclaimed following such distribution shall be distributed to the holders of Allowed Claims entitled thereto upon presentation to the Debtors of satisfactory proof of entitlement.  After expiration of the one-year period (i) the holders of Allowed Claims entitled to unclaimed property will no longer be entitled thereto, (ii) the Allowed Claims of such holders shall be deemed disallowed and (iii) the then remaining amount of such unclaimed property with respect to such distribution shall become the property of the Debtors.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**18.11. Effectuating Documents and Further Transactions.**

Debtors shall execute, deliver, file or record such contracts, instruments,

assignments and other agreements or documents, and take or direct such actions as may

be necessary or appropriate to effectuate and further evidence the terms and conditions of

the Plan.

**18.12. Claims Objection Bar Date.**

The date by which the Debtors or any interested party must file objections to

Claims, shall be the first Business Day after 120 days after the Effective Date.  Objections

to claims not filed by the Claims Objection Bar Date shall be deemed waived.

Dated:_____04/02/18_____

Respectfully submitted;

/s/Lowell G. Wittke_____
Lowell G. Wittke

/s/Judy A. Wittke_____
Judy A. Wittke

VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks_____
    Douglas R. Ricks, OSB #044026
    Of Attorneys for Debtors-in-Possession

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# EXHIBIT A - DEFINITIONS

Definitions of certain terms used in the Plan are set forth below. Other terms are defined in the text of the Plan. In either case, when a defined term is used, the first letter of each word in the defined term is capitalized.

**Administrative Claim** shall mean: every cost or expense of administration of the Reorganization Case, including any actual and necessary post-petition expenses of preserving the Estate; any Claim, including, but not limited to, allowed claims for compensation of professionals made pursuant to Section 330, 331 and 503(b) and of the Code, entitled to priority pursuant to Section 364 or Sections 503 and 507(a)(2) of the Code. Administrative Claim shall not include Claims for compensation of professionals for services rendered after the Effective Date.

**Allowed Claim** shall mean a Claim (a) in respect of which a Proof of Claim has been filed with the Court within the time set by the Court, or (b) which appears on the schedules and lists of Creditors prepared and filed with the Court, as amended, and is not listed as disputed, contingent, unliquidated or unknown as to amount. No Claim shall be considered an Allowed Claim if an objection to the allowance thereof is interposed at any time and such objection has not been denied by an order or judgment that is no longer subject to appeal and as to which no appeal is pending.

**Allowed Secured Claim** shall mean an Allowed Claim secured by a lien, security interest, or other charge against or interest in property in which Debtor has an interest or that is subject to setoff under Section 553 of the Code, to the extent of the value (as set forth in the Plan, of if no value is specified, as determined in accordance with Section 506(a) of the Code) of the interest of a holder of such Allowed Claim in Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be or to the extent permitted by Section 1111(b) of the Code, if applicable.

**Allowed Unsecured Claim** shall mean any Allowed Claim that is not an Allowed Secured Claim, including the Allowed Unsecured Claims of undersecured Creditors and Allowed Unsecured Claims arising upon rejection of an unexpired lease or executory contract.

**Assets** shall mean real and personal property of Debtor, whether acquired pre-petition, or post-petition, whether tangible or intangible, including, but not limited to, all land, buildings, fixtures, trade fixtures, accounts, contract rights, general intangibles, payment intangibles, commercial tort claims, rights to payment of every kind, including rights to tax refunds, equipment, motor vehicles, goods, machinery, inventory, farm products, chattel paper, leases, conditional sales agreements, cash, deposit accounts, notes, documents, documents of title, instruments, securities, shares of capital stock, capital equities, and other securities of and Claims against any corporation, joint venture, partnership, or individual or individuals, pledges and agreements to pledge, rights in and Claims under insurance policies, letters of credit, trademarks, trade names, trade styles, licenses, customer lists, good will, bills of lading, warehouse receipts and trust receipts, and all renewals, replacements, substitutions, additions, accessions, rents, issues, and products and proceeds (whether due to voluntary or involuntary

disposition) of the foregoing.  Assets also includes Avoidance Claims held by Debtor under the Bankruptcy Code.

**Avoidance Rights** shall mean the Debtor's rights under Chapter 5 of the Bankruptcy Code to recover avoidable transfers, including but not limited to preferential and fraudulent transfers.

**Claim** shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against Debtor in existence on the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

**Claims Objection Bar Date** shall mean the date by which the Debtor or any interested party must file objections to Claims, which shall be the first Business Day after 60 days after the Effective Date.

**Code** shall mean the Bankruptcy Code, 11 U.S.C. Section 101 et seq., and any amendments thereto.

**Collateral** shall mean, with respect to any Allowed Secured Claim, the property that secures such Claim.

**Confirmation Date** shall mean the date of entry of the Confirmation Order.

**Confirmation Order** shall mean the order confirming the Plan pursuant to §1129 of the Code.

**Contested Claim** shall mean any Claim to which Debtor has objected and such objection has not been withdrawn or the allowed amount of the Claim determined by a Final Order of the Court, or any Secured Claim whose lien or security interest Debtor has moved to avoid and such motion has not been withdrawn or determined by a Final Order of the Court.

**Court** shall mean the United States District Court for the District of Oregon having jurisdiction over this Chapter 11 case and, to the extent of any reference made pursuant to 28 U.S.C. § 157, the United States Bankruptcy Court for the District of Oregon, and any court having competent jurisdiction to hear appeals therefrom, including the Bankruptcy Judge presiding over the case.

**Creditor** shall mean any person holding a Claim against Debtor.

**Creditors** shall mean all Creditors of the Debtor holding Claims for unsecured debts, secured debts, liabilities, demands or Claims of any character whatsoever.

**Debtors** shall mean Lowell G. and Judy A. Wittke .

**Debtors-in-Possession** shall mean Debtors.

**Designated Parties** at any particular time shall mean (i) the Debtor; and (ii) all Creditors and Lienholders who file with the Court, and serve copies thereof on the Debtor as provided in the Plan, a request that all notices under the Plan after the Effective Date be given to them.

**Disputed Claim** shall mean every Claim that is not an Allowed Claim.

**Effective Date** shall mean the fifteenth (15th) day after the date on which the order confirming the Plan is entered by the Clerk of the Bankruptcy Court, provided that there is no stay of such order then in effect; or if a stay is then in effect, then the date on which the order confirming the Plan become a Final Order.

**Federal Rate** shall mean a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the Effective Date of the Plan.

**Final Order** shall mean an order or judgment of the Bankruptcy Court which has not been reversed, stayed, modified, or amended, and as to which the time to appeal or seek review has expired and as to which no appeal or petition for review is pending; or an order or judgment which has been reversed, modified or amended and as to which the time to appeal or seek further review has expired and no further appeal or petition for review is pending.

**Petition Date** shall mean October 11, 2017.

**Plan** shall mean the Plan of Reorganization and all exhibits hereto, which are incorporated by reference, together with any modifications which may be made from time to time in accordance with Section 1127 of the Code.

**Prime Rate** shall mean, on any day, the "Prime Rate" as published in *The Wall Street Journal* on that day under the section "Money Rates", and being defined therein as "[t]he base rate on corporate loans posted by at least 75% of the nation's 30 largest banks." In the event that *The Wall Street Journal* ceases to be published or ceases to publish the "Prime Rate"t then the Prime Rate of Interest shall mean the prime interest rate of Wells Fargo Bank, N.A., its assigns or successors as announced or published from time to time as its prime interest rate. **Priority Claim** shall mean a Claim having priority as defined in 11 U.S.C. §507.

**Pro Rata** shall mean, with respect to any distribution to be distributed to holders of any class of Allowed Claims, the same proportion that such Claim bears to the aggregate dollar amount of (i) all Allowed Claims in that class, and (ii) all Claims in that class which are subject to dispute on such date, but excluding any Claim as to which the holder has voluntarily subordinated the right to distribution.

**Reorganization Case** shall mean this case commenced by the Debtor's filing of a voluntary petition on the Filing Date.

**Secured Claim** shall mean that portion of a Claim secured by a lien, security interest, or other charge against, or interest in, property in which Debtor has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value of such property as

set forth in the Plan, or if no value is specified, as determined in accordance with Section 506(a) of the Bankruptcy Code, or to the extent permitted by Section 1111(b) of the Bankruptcy Code, if applicable.

**Secured Creditors** shall mean all Creditors who hold a lien, security interest, or other incumbrance which has been properly perfected as required by law with respect to property owned by the Debtor.

**Third-Party Claims** shall mean all Claims, if any, Debtor may have against any person or entity arising at law or equity, including Claims against insiders, excluding Claims arising under the Bankruptcy Code.

**Unsecured Claim** shall mean any Claim which is not a Priority Claim, Secured Claim, Warranty Claim, Administrative Claim or Administrative Trade Claim.

**LEASES AND EXECUTORY CONTRACTS
TO BE ASSUMED AND/OR REJECTED**

| NO. | DESCRIPTION OF LEASES/EXECUTORY CONTRACTS TO BE ASSUMED | APPROX. DATE OF CONTRACT | APPROX. EXPIRATION DATE |
|---|---|---|---|
| 1 | NONE | | |
| | **DESCRIPTION OF LEASES/EXECUTORY CONTRACTS TO BE REJECTED** | | |
| 1 | NONE | | |

4/2/2018
1:08 PM

**Exhibit B - Page 1 of 1**